**Not Recommended for Publication or Citation**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-CV-236-KSF

GEORGE H. EDWARDS, JR.                                           PETITIONER

VS:                      **MEMORANDUM OPINION AND ORDER**

UNITED STATES PAROLE COMMISSION                          RESPONDENT

\*\*\*\*  \*\*\*\*  \*\*\*\*

George H. Edwards, Jr., an individual currently confined in the Federal Medical Center ("FMC"), in Lexington, Kentucky, has submitted a *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, and has paid the District Court filing fee of $5.00.

The Petition is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). As Edwards is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his Petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

NATURE OF CLAIM

Petitioner challenges the United States Parole Commission's [hereinafter "USPC"or "the

Commission"] April 14, 2008, decision revoking his special parole and imposing another prison term.

<u>ALLEGATIONS</u>

The following is a summary or construction of the allegations contained in Edwards' Petition, memorandum of law, and attachments.  [Record No. 2].

The Petitioner chronicles the relevant events, beginning with his July 26, 1985, conviction for distributing cocaine.  He was sentenced to 15 years imprisonment, followed by a special parole term (SPT) of 10 years.  On February 8, 2000, he completed the prison term and began the SPT the next day.

On July 26, 2001, however, the Petitioner violated his parole, and was taken into custody again.  At that time, he alleges, "the SPT was not converted to a 'regular term of imprisonment,'" although it should have been converted.  On December 7, 2001, he was again released from imprisonment and continued on the SPT.  Again he violated his SPT, his parole was revoked, and he is now serving 34 months on this second SPT violation.  It is this last period of SPT and the revocation of parole which is the subject of this action.

Just before his scheduled December 7, 2001, release, on December 5th, Petitioner signed two parole certificates showing his agreement to the parole terms, and he provides copies of them as exhibits A and B.  They are identical, except for one thing, a date: the sentence explaining how long he must "remain within the limits of Southern District of Illinois" concludes with the date of March 1, 2011, on Exhibit A and March 1, 2007, on Exhibit B.

On February 1, 2007, the USPC issued a warrant for Petitioner's arrest for another violation and on December 7, 2007, he was arrested.  Exhibit [hereinafter "Ex."] D.  A letter from the

2

Commission, dated January 4, 2008, directs its personnel to conduct his revocation hearing within 90 days of his arrest, by March 7, 2008.  Ex. C.  According to the Commission's Notice of Action of April 14, 2008, the decision at issue herein, the revocation hearing was had on March 20, 2008, thirteen (13) days after the deadline.

In the April 14, 2008 decision (Ex. E.), the USPC found that Edwards had violated his parole by using drugs in 2004 and 2006 and by committing a new crime, wire fraud, for which he was convicted on July 6, 2007.  The USPC decision was:

> Revoke special parole.  None of the time spent on special parole shall be credited. Continue to a presumptive re-parole November 21, 2009 after service of 34 months. The total number of months includes the time spent in custody on the non-parolable term.

Ex. E.  The reasons for the decision are provided in a separate paragraph.  At the conclusion of the Notice of Action the following appears:

> THE ABOVE DECISION IS APPEALABLE

> You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

*Id.*

Petitioner's final exhibit is a letter from his Federal Public Defender about the USPC decision.  Ex. F.  She provides a form for his use if he wants to appeal the Commission's decision and sets out 4 procedural issues raised at the revocation hearing:

> . . . (1) The commission lost jurisdiction over you at 5 years when it did not hold the 2.43 hearing and make the findings necessary to continue supervising you; (2) the commission lost jurisdiction to entertain these particular allegations because it failed to hold your revocation hearing within 90 days, as required by law and regulation; (3) a dispositional review should have been held within 180 days of placing the detainer (February), therefore the Commission forfeited its ability to consider these allegations; (4) once revoked your special parole, the Commission could not

3

reimpose special parole, but rather regular parole.  In support of the last issue, I am sending you a packet of case law regarding special parole – read *Doyle* first.

*Id.*  The Petitioner states that he has filed an administrative appeal of the USPC's decision.

In the meantime, however, Edwards has filed this Petition, contending that the Court may entertain his claims under its Section 2241 jurisdiction, because administrative exhaustion is not statutorily required and would be futile in any case.  In his Petition, he urges three of the arguments set out by his attorney, specifically (2) - (4), *infra*; and a fourth argument of his own, *i.e.*, the parole certificate with an SPT expiration date of March 1, 2007, created a liberty interest, of which he has been deprived without due process.

Therefore, Petitioner claims, his current detention is illegal and the Respondent should be ordered to immediately release him and terminate his SPT.

## DISCUSSION

The administrative remedy available to a federal prisoner challenging an adverse parole decision is to file an appeal with the National Appeals Board under 28 C.F.R. § 2.26; *Graham v. Snyder* 68 Fed.Appx. 589, 590 (6th Cir. 2003); *Urbina v. Thoms,* 270 F.3d 292, 295 n. 1 (6th Cir.2001).  The instant Petitioner states that he has filed such an appeal and is awaiting that decision, thereby admitting that the USPC administrative process is not yet exhausted.

The Court declines to entertain Petitioner's claims prior to completion of the USPC's administrative process.  Exhaustion is not a statutory requirement, it is true.  It is judicially created.  Nonetheless, regardless of its origins, it is a requirement, and the judiciary is reluctant to waive it, as the administrative process provides a record and rationale for the Court's evaluation.  Petitioner herein gives no reason for the Court to waive the requirement in the instant case, and no ground for

4

his purported belief that the administrative appeal is futile.

Consistent with precedent within and without this circuit, this prisoner may bring a habeas corpus proceeding only after he has availed himself of the available administrative procedures for review of that decision.  *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (per curiam); *see Talerico v. Warden, U.S. Penitentiary*, 391 F. Supp. 193 (M.D. Pa. 1975).  In the interim, this cause of action will be dismissed, the dismissal to be without prejudice to Edwards' bringing another habeas proceeding after exhaustion.

Accordingly, the Court being advised, **IT IS ORDERED** that

(1)     Petitioner Edwards' Petition for Writ of Habeas Corpus is **DENIED**.

(2)     This action will be **DISMISSED**, *sua sponte*, from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 26th day of June, 2008.

Signed By:

**_Karl S. Forester_**   *K S F*

**United States Senior Judge**

5